IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WESLEY CLUB, and AGPM GEORGIA LLC, | |
| Plaintiffs-Respondents, | CIVIL ACTION FILE NO. 1:14-CV-02579-WSD-GGB |
| v. | |
| BOBBI MARISSA FELTON, | Removed from Magistrate Court of DeKalb County, Georgia |
| Defendant-Petitioner. | Case No. 14D19114 |

## FINAL REPORT AND RECOMMENDATION

## AND ORDER

This matter is before the court on the affidavit and request to proceed *in forma pauperis* ("IFP") filed by defendant Bobbi Marissa Felton ("Felton"). (Doc. 1). Felton, who is proceeding without counsel, seeks to remove this past due rent and dispossessory action to federal court from the Magistrate Court of DeKalb County, Georgia, based upon her assertion of certain defenses, including violation of the Fair Debt Collection Practices Act and the Uniform Commercial Code. (Doc. 1-1).

After consideration by the court of Felton's affidavit of indigency, her request to proceed IFP is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because this court does not have original jurisdiction over the claim made in state court, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Felton's notice of removal to determine whether there is a proper basis for removal. In order for removal to be proper, Felton must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a federal district court must have original jurisdiction over the initial action. 28 U.S.C. § 1441(a). The statute is strictly construed, requiring remand to state court if any doubt exists over

whether removal was proper.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).  The party seeking removal bears the burden to establish federal jurisdiction.  Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

Felton has not alleged that the action is removed to this court on the basis of federal question or diversity jurisdiction.  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

Here, the action instituted by the plaintiffs, Wesley Club and Agpm Georgia Llc, in the Magistrate Court of DeKalb County appears to be a landlord/tenant dispute concerning past due rent.  (See Doc. 1-1 at 2).  Attached to the notice of removal is a complaint/dispossessory warrant seeking a judgment for past due rent in the amount of $560.00, rent accruing up to the date of judgment or vacancy at the rate of $560.00 per month, a late fee of $75.00, $51.50 in court costs, $113.50 in "Consq Exp," a $35.00 service fee, and $69.50 for water and sewer.  Under the well-pleaded complaint rule, there is no indication that the state court proceedings contain a federal question.  Felton may not invoke federal question jurisdiction solely on the basis of a defense or

3

counterclaim based on federal law. See Caterpillar, 482 U.S. at 393; Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999).

It is also apparent that no diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states. See id. The pleadings indicate that the plaintiffs seek past due rent and possession of the premises. The amount in controversy appears to be the past due rent and the other amounts listed above and on the dispossessory warrant. (Doc. 1-1 at 2). The total amount sought falls well below the $75,000.00 threshold. Felton has failed to show that the amount in controversy exceeds $75,000.00 and that the action is between citizens of different states.[1]

## II.  CONCLUSION

Felton has failed to demonstrate that this court has subject matter jurisdiction over the plaintiffs' claim. Felton's petition for removal is also procedurally defective. See 28 U.S.C. § 1446. For the reasons stated, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia. Felton's request to proceed IFP (Doc. 1) is **GRANTED** solely for the purpose of remand.

---

[1] The civil cover sheet indicates that the plaintiffs and defendant are citizens of the state of Georgia. (Doc. 1-2).

AO 72A (Rev.8/82)

**IT IS SO RECOMMENDED AND ORDERED**, this 13th day of August, 2014.

                                                      */s/ Gerrilyn G. Brill*
                                                     GERRILYN G. BRILL
                                                     UNITED STATES MAGISTRATE  JUDGE

5

AO 72A
(Rev.8/82)