IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WESLEY CLUB and AGPM
GEORGIA LLC,

                Plaintiffs,

v.                                                                          1:14-cv-2579-WSD

BOBBI MARISSA FELTON,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia. Also before the Court is Defendant Bobbi Marissa Felton's ("Defendant") Amended Notice of Removal [5].[1]

**I.   BACKGROUND**

On July 17, 2014, Plaintiffs Wesley Club and AGPM Georgia LLC ("Plaintiffs") initiated a dispossessory proceeding against Defendant in the

---

[1]   Defendant filed her Amended Notice of Removal in response to the R&R. The R&R, which considers Plaintiff's original Notice of Removal, is therefore deemed moot.

Magistrate Court of DeKalb County, Georgia.[2]  The Complaint seeks possession of premises currently occupied by Defendant, and past due rent and fees totaling $904.30.

On August 11, 2014, Defendant, proceeding *pro se*, removed the DeKalb County Action to this Court by filing a Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that the dispossessory action violates the Uniform Commercial Code ("UCC") and "15 USCA 1962 [sic]."  (Notice of Removal at 1).

On August 13, 2014, Magistrate Judge Brill granted Defendant's application to proceed IFP.  Judge Brill also considered *sua sponte* the question of subject matter jurisdiction and recommended that the Court remand this case to the Magistrate Court of DeKalb County.

Judge Brill found that Plaintiffs' underlying pleading shows that this action is a dispossessory action, which does not present a federal question.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Brill concluded that the Court does not have federal question

---

[2]    No. 14D19114.

jurisdiction over this matter.  Judge Brill also found that Plaintiffs and Defendant appear to be citizens of Georgia, and that the amount in controversy does not exceed the $75,000 jurisdictional threshold.  Judge Brill concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On August 15, 2014, in lieu of objecting to the R&R, Defendant filed her Amended Notice of Removal [5].  Defendant asserts that Plaintiffs violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Rule 60 of the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.  She further claims that Plaintiffs have "a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6."  (Am. Notice of Removal at 2).

In light of her *pro se* status, the Court construes Defendant's filings liberally, and as a whole, to determine whether the Court has subject matter jurisdiction over this action.

## II. DISCUSSION

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."

Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction.  Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiffs' Complaint is a dispossessory action which is based solely on state law.  No federal question is presented on the face of Plaintiffs' Complaint.  That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation

Sys., Inc., 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  Defendant has not alleged the citizenship of the parties, and even if diversity does exist, Defendant fails to show that the amount in controversy exceeds $75,000.00.  The Court must look only to Plaintiffs' claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of premises currently possessed by Defendant, and past due rent and fees totaling $904.30.  It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."  Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010).  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[3]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Report and Recommendation [3] is deemed **MOOT.**

**SO ORDERED** this 18th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.